IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


James Morgan                                      Case No.
404 Pleasantwood Avenue, Apt. D
Bryan, Ohio 43506

    Plaintiff,                                <u>COMPLAINT; JURY DEMAND</u>
                                                  <u>ENDORSED HEREIN</u>
vs.

Ken Jacob
Williams County Sheriff's Office
1425 E. High Street
Bryan, Ohio 43506

and

Devin Harter
Montpelier Police Department
221 Empire Street
Montpelier, Ohio 43543


and

Thomas Kochert
Williams County Sheriff
1425 E. High Street
Bryan, Ohio 43506

and

Daniel McGee
Village of Montpelier Chief of Police
221 Empire Street
Montpelier, Ohio 43543

and

County of Williams
One Courthouse Square
Bryan, Ohio 43506

and

Village of Montpelier
211 N. Jonesville Street
Montpelier, Ohio 43543.

    Defendants.


1.  Utilization and the manner of utilization of a canine police dog involving Plaintiff James Morgan are at the heart of this excessive force police misconduct case.

2.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against defendants Jacob and Harter in their individual capacities, against defendants Kochert and McGee in their individual and official capacities, and against defendants Williams County, Ohio and Montpelier, Ohio.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff James Morgan was at all times relevant to this Complaint a resident of Ohio.

4.  Defendant Jacob was on January 31, 2021 a sheriff's deputy with the Williams County Sheriff's Office.

5. Defendant Harter was on January 31, 2021 a police officer with the Village of Montpelier Police Department.

6. Defendant Kochert was on January 31, 2021 and still is the Sheriff of Williams County.

7. Defendant McGee was on January 31, 2021 and still is the Chief of Police for the Village of Montpelier.

8. Williams County is a county in the State of Ohio.

9. Montpelier is a village in the State of Ohio, County of Williams.

10. The Village of Montpelier, by contract, provides police services to Holiday City, Ohio. Holiday City, Ohio is located in Williams County, Ohio.

11. On or about January 31, 2021, Jacob and Harter, while on duty, responded to a 911 hang-up call at a residence located at 13839 CR-M.50, Holiday City, Ohio. Jacob arrived first, followed shortly thereafter by Harter.

12. In his patrol car Jacob had a canine police dog named Ruin.

13. Upon arrival at the residence, Jacob reports that he knocked on the door which was answered by a female person, identified as Plaintiff's wife, Ashley Morgan.[1] Jacob reports that around the same time he observed Plaintiff James Morgan going back inside the residence.

14. Ashley informed Jacob when she answered the door that she dialed 911 due to an argument that she and Plaintiff James Morgan were having at the time but made it clear that there had been no physical violence involved in the argument. Harter subsequently arrived at the residence. Upon Harter's arrival Jacob informed Harter that no physical violence had been involved

---

[1] To avoid confusion, plaintiff's wife Ashley Morgan will be identified as "Ashley" in this Complaint, and her husband, James Morgan, will be identified as "Plaintiff James Morgan" or "Morgan" in this Complaint.

in the argument between Ashley and Plaintiff James Morgan.

15.  Jacob and Harter observed three young children at the residence, whose parents were Ashley and Plaintiff James Morgan.

16.  Based on a record check, Jacob and Harter became aware that there was a current arrest warrant for Plaintiff James Morgan regarding a domestic violence charge.

17.  Harter and Jacob conducted a brief search of the downstairs of the residence.  This brief search was not thorough.

18.  Jacob reports that he checked around the perimeter of the residence for Plaintiff James Morgan and did not see any fresh footprints in the snow to indicate that Plaintiff James Morgan had exited the residence through a window.

19.  Jacob, with Harter's knowledge, brought the canine police dog named Ruin into the residence.

20.  Verbal commands were given that a police canine dog, which was barking at the time, was in the house and that Morgan needed to come out.  On a leash, Ruin went to the bedroom, to an open closet, followed by Jacob and Harter, Jacob being in front of Harter.  At the time Jacob released Ruin to attack Morgan, Morgan was within plain sight of Jacob.  Morgan had no weapon and his hands were plainly in sight of Jacob.  In spite of this, within approximately three seconds of locating Morgan, and with Morgan's empty hands clearly visible, Jacob gave the command to Ruin to bite Morgan, and Ruin did bite Morgan, causing Morgan serious injury, intense pain and suffering, and emotional trauma.  Despite the fact that Morgan prior to and after being bitten could clearly be seen by Jacob to have open and empty hands, Jacob deliberately delayed taking the proper action for Ruin to release its bite, constituting further excessive, unreasonable and unjustified use of force, causing

further serious injury, intense pain and suffering, and emotional trauma to Morgan. Either before

or within just a few moments after Ruin bit Morgan, Harter, who was only a few steps behind Jacob,

could clearly see that Morgan's hands were open and empty, but failed to intervene to stop Jacob

from commanding Ruin to bite Morgan, nor did Harter take the necessary steps to insist that Jacob

call Ruin off once Morgan had exited the closet with his hands clearly open and empty.

21. As a direct and proximate result of the said acts, or failure to act, of Jacob and Harter,

Morgan sustained the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the

United States Constitution to be free from the use of excessive, unreasonable and unjustifiable force;

b. Physical pain and suffering;

c. Bodily injury;

d. Considerable and severe emotional trauma and suffering;

e. Medical and medically-related expenditures in an amount in excess of $5500.00.

22. The actions of Jacob and Harter violated clearly established and well settled federal

constitutional rights of Morgan, i.e., freedom from the use of excessive, unreasonable and unjustified

force against his person.

23. Jacob and Harter acted maliciously.

COUNT I
42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT JACOB
EXCESSIVE USE OF FORCE

24. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

5

COUNT II
42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT HARTER
FAILURE TO INTERVENE

25.  Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

COUNT III
42 U.S.C. § 1983 CLAIM AGAINST DEFENDANTS
KOCHERT, McGEE, WILLIAMS COUNTY, AND VILLAGE OF MONTPELIER

26.  Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

27.  Kochert failed to ensure that Jacob and Ruin were properly trained, supervised, and controlled.

28.  Prior to the incident described above that occurred on or about January 31, 2021, Kochert and/or Williams County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Williams County, which caused the violation of Morgan's rights.

29.  McGee failed to ensure that Harter was properly trained, supervised, and controlled.

30.  Prior to the incident described above that occurred on or about January 31, 2021, McGee and/or the Village of Montpelier developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Montpelier and Holiday City, which caused the violation of Morgan's rights.

WHEREFORE, Plaintiff James Morgan requests that this Court:

As to Counts I and II, as to each of these counts,

a.  Award compensatory damages against Jacob and Harter, jointly and severally, in an amount to be determined at trial;

b.  Award damages against Jacob and Harter, jointly and severally, in an amount to cover

6

medical and medically-related expenditures;

c. Award punitive damages against Jacob and Harter, jointly and severally, in an amount to be determined at trial;

d. Award reasonable attorney's fees, costs, expenses, prejudgment interest, and post-judgment interest; and

e. Award such other and further relief as this Court deems appropriate.

As to Count III,

a. Award compensatory damages against Kochert, McGee, Williams County, and Village of Montpelier, jointly and severally, in an amount to be determined at trial.

b. Award damages against Kochert, McGee, Williams County, and Village of Montpelier, jointly and severally, in an amount to cover medical and medically-related expenditures.

c. Award reasonable attorney's fees, costs, expenses, prejudgment interest, and post-judgment interest; and

d. Award such other and further relief as this Court deems appropriate.

Respectfully submitted,


/s/ Thomas A. Sobecki
Thomas A. Sobecki (0005210)
405 Madison Avenue, Suite 9210
Toledo, Ohio 43604
Telephone: 419-242-9908
Fax: 419-242-9937
E-mail: tsobecki@tomsobecki.com
Attorney for Plaintiff
    James Morgan

JURY DEMAND

Plaintiff James Morgan demands a trial by jury on all counts.


/s/ Thomas A. Sobecki
Thomas A. Sobecki